Curia, per
Johnson, J.
The question whether the administration de bonis non was properly granted, and superceded the power of the executor, has not been mooted here, and f shall not turn out of my way to consider its propriety. It is enough that what has been rightfully done by the executor is binding on his successors, the administrators debonis non. The ground relied on by the defendants, Thorit Elkins and wife, and on which the decree proceeds, is that these demands are in different rights, and, therefore, cannot be sot off one against the other.
*It is true that the courts of equity have generally adopted the rule of the courts of law on this subject, and yet I can conceive a case of such peculiar hardship as would justify a court of equity in permitting it, or in enjoining the one party from proceeding until the matter of set off should be determined at law. 2 Madd. Cha. 662.
But this question is concluded by the agreement of the parties, as the executor of Zachariah Nettles, John H. Nettles, was competent to make such an agreement. He did enter into an agreement for that purpose, and he then thought and still thinks it was the best interest of his testator. Upon investigation, it is found that the demand is justly due to the complainant, and there is no pretence that the estate of Zachariah Nettles is insolvent. Where, then, is the injustice to permit it?
Again : Confiding in this arrangement, the complainant might not have made the necessary preparations to meet this demand on him; and he has actually accounted with the distributees of the estate of his intestate for a part of the fund. Reposing in security, he has neglected to prosecute his claim at law until, in all probability it would, but for these circumstances, have been barred by the statute of limitations, and at all events it would have been delayed. To permit the defendants to profit by it, would be to sanction a most iniquitous fraud.
It is, therefore, ordered and decreed, that the defendants be perpetually enjoined from proceeding on their execution at law against the complainant, and that it be referred to the commissioner to ascertain how much is due and owing from the defendants, as the representatives of Zachariah Nettles, to the complainant, as administrator of Margaret Campbell; taking into the estimate the amount paid to the said Margaret Campbell, and what shall be found due to the said Zachariah Nettles* for his trouble and expense in selling her lands and collecting the money. If, upon such reference, it shall be found that the amount due to complainant exceeds the amount of the judgment against him, then the defendants are to pay the balance to the said complainant. But if, on the other hand, a balance shall be found due to the defendants, then the complainant is decreed to pay that balance, and the judgment and execution at law shall stand as a security therefor.
Colcock, J., dissented.

Decree reversed.